2023-1714

# United States Court of Appeals for the Federal Circuit

PALO ALTO RESEARCH CENTER, LLC,

*Appellant,*

vs.

FACEBOOK, INC.,

*Appellee.*

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2021-01264.

**JOINT MOTION FOR
SUBSTITUTION OF XEROX CORPORATION FOR
PALO ALTO RESEARCH CENTER, LLC AND
TO CHANGE THE CASE CAPTION**

Palo Alto Research Center, LLC (PARC) and Facebook, Inc. (Facebook) respectfully request the Court (a) substitute Xerox Corporation (Xerox) for PARC as appellant and (b) change appellee Facebook's name to Meta Platforms, Inc. in the case caption. Neither party opposes these requests, and neither party will file a response.[1]

---

[1] While this motion is jointly filed, each party individually through the undersigned counsel makes the statements herein applicable to itself.

On July 16, 2021, Facebook filed the underlying *inter partes* review that PARC now appeals from. Shortly thereafter, Facebook changed its corporate name to Meta Platforms, Inc. On January 23, 2023, the Patent Trial and Appeal Board (the Board) issued its final written decision regarding the *inter partes* review of U.S. Patent No. 7,043,475 (the '475 Patent). PARC timely filed its notice of appeal with the Court on April 7, 2023. Shortly thereafter, PARC assigned the '475 Patent to Xerox on April 16. Then, on April 20, PARC completed assigning all its rights to litigation related to the '475 Patent to Xerox, to include this appeal.

The Federal Rules of Appellate Procedure make substituting Xerox for PARC proper. Rule 43(a)(1) provides for substituting a party with its successor in interest upon "motion filed with the circuit clerk." *See* FED. R. APP. P. 43(a)(1); *see also id.* 43(b) (providing that Rule 43(a) also applies to substituting parties "for any reason other than death"). Xerox is now PARC's successor in interest to this appeal because PARC has completed transferring all rights in the '475 Patent and litigation related to it to Xerox. 35 U.S.C. § 261 (providing that a patent "shall be assignable in law by an instrument in writing"); *see also Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012) (providing that "a patentee or successor in title to the patentee may bring an action for patent infringement"); *Mojave Desert Holdings, LLC v. Crocs, Inc.*, 995 F.3d 969, 978 (Fed. Cir. 2021) (explaining that "federal causes of action" are "generally assignable"). Under

Rule 43, then, Xerox should be substituted for PARC as PARC's successor in interest.

Substituting Xerox for PARC fits well within the Court's prior applications of Rule 43. In *L'Oréal USA v. Olaplex*, the patent owner and infringer both appealed the Board's final written decision in a post-grant review. 844 Fed. App'x 308, 314–16 (Fed. Cir. 2021). After filing its notice of cross appeal, the appellant transferred its interest in the underlying patent and moved to substitute the new patent owner for itself. *Id.* at 316. The Court held that substitution was proper, explaining that it routinely "approve[s] substitution of a successor in interest caused by a transfer of a patent under Federal Rule of Appellate Procedure 43(b)." *Id.; see also Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 892–94 (Fed. Cir. 2019) (substituting the appellant with its successor in interest on appeal from district court).

Similarly, changing Facebook's name in the official case caption also fits well within this Court's prior practice. In *3M Company v. Evergreen Adhesives, Inc.*, the corporate appellee changed its name during the pendency of the appeal. No. 2020-1738 (Fed. Cir. Feb. 18, 2021) (Dkt. 14). Thus the Court summarily granted the appellee's motion to change the case caption to reflect its new name. No. 2020-1738 (Fed. Cir. Feb. 22, 2021) (Dkt. 15). Because Facebook has changed

its corporate name, the Court should similarly change the case caption to reflect Facebook's new name: Meta Platforms, Inc.

Accordingly, the parties respectfully request the Court GRANT this motion, substitute Xerox for PARC as appellant, and replace Facebook, Inc. with Meta Platforms, Inc. in the case caption.

May 22, 2023                          Respectfully submitted,


*/s/ Joel L. Thollander*              */s/ Heidi L. Keefe*
Joel L. Thollander                    Heidi L. Keefe
James E. Quigley                      Mark R. Weinstein
Kyle N. Ryman                         Daniel J. Knauss
MCKOOL SMITH, P.C.                    COOLEY LLP
303 Colorado Street, Suite 2100       3175 Hanover Street
Austin, TX 78701                      Palo Alto, CA 94304
 (512) 692-8700                       (650) 843-5000

David Sochia                          *Attorneys for Facebook, Inc.*
Alexandra F. Easley
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4000

Kevin L. Burgess
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670

*Attorneys for Appellant*
*Palo Alto Research Center LLC and*
*Xerox Corporation*

## DECLARATION

Pursuant to 28 U.S.C. § 1746 and Federal Circuit Rule 26(b)(5), I declare under penalty of perjury that the statements in the foregoing unopposed, joint motion are true and correct.

Executed May 22, 2023                    Respectfully submitted,
in Austin, Texas

                                         */s/ Joel L. Thollander*
                                           Joel L. Thollander
                                           MCKOOL SMITH, P.C.
                                           303 Colorado Street, Suite 2100
                                           Austin, TX 78701
                                           (512) 692-8700


Executed May 22, 2023                    Respectfully submitted,
in Palo Alto, California

                                         */s/ Heidi L. Keefe*
                                           Heidi L. Keefe
                                           COOLEY LLP
                                           3175 Hanover Street
                                           Palo Alto, CA 94304
                                           (650) 843-5000

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2023-1714 |
| **Short Case Caption** | Xerox Corporation v. Meta Platforms, Inc. |
| **Filing Party/Entity** | Xerox Corporation |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: May 22, 2023              Signature: /s/ *Joel L. Thollander*

                               Name:     Joel L. Thollander

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Xerox Corporation | | Xerox Holdings Corporation (wholly owns Xerox Corporation) |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ ADDITIONAL PAGES ATTACHED

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| McKool Smith, P.C. | Kevin L. Burgess, David Sochia, Joel L. Thollander, James E. Quigley, Alexandra F. Easley, George T. Fishback, Kyle N. Ryman, Carra Rentie, Ashley Moore (no longer with the firm) |
|---|---|

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable          ☐ Additional pages attached

|  |  |  |
|---|---|---|

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2023-1714 |
| **Short Case Caption** | Xerox Corporation v. Meta Platforms, Inc. |
| **Filing Party/Entity** | Meta Platforms, Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: May 22, 2023          Signature: /s/ *Heidi L. Keefe*

Name:     Heidi L. Keefe

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities.<br>Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest.<br>Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders.<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☒ None/Not Applicable |
| Meta Platforms, Inc. | N/A | N/A |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ ADDITIONAL PAGES ATTACHED

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| Cooley LLP | Lowell Mead | Emily Terrell |
| David Murdter | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable        ☐ Additional pages attached

| | | |
|---|---|---|
| None | | |

## CERTIFICATE OF COMPLIANCE

1.     This motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) because it contains 589 words, excluding the portions authorized to be excluded by FED. R. APP. P. 27(d)(2), FED. R. APP. P. 32(f), and FED. CIR. RULE 32(b)(2).

2.     This motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

May 22, 2023

*/s/Joel L. Thollander*          */s/ Heidi L. Keefe*